.PER CURIAM
11Writ granted. For the reasons set forth below, we reverse the lower courts’ rulings and hereby grant summary judgment in favor of the defendant, Allied World Insurance Company. An insurance policy is a conventional obligation that constitutes the law between the insured and the insurer. Peterson v. Schimek, 98-1712 (La. 3/2/99), 729 So.2d 1024; La. C.C. art. 1983. The intent of the parties is to be determined in accordance with the words and phrases used in a policy, and these words and phrases are to be construed using their plain, ordinary, and generally prevailing meaning, unless the words have acquired a technical meaning. Id.; La. C.C. art 2047. The court of appeal in this case committed legal error in finding that ambiguity exists as to the language used in the insurance policy.
The plaintiff, according to his own petition, was employed as a deputy sheriff and was an employee of the Evangeline Parish Sheriffs Department when he was injured in the course and scope of his employment. According to his petition, the plaintiff was injured while supervising trustee inmates at the Sheriffs Department’s automobile repair shop. The plaintiff leaned back while sitting in a chair, which gave way, causing him to fall onto the concrete floor, *796 injuring his | aright shoulder and arm. The plaintiff and his wife eventually brought a tort action against the Sheriffs Department, the Sheriff, and their insurer, Allied World. In the petition, the plaintiff alleged inter alia that the accident was caused by a defective chair owned by the Sheriffs Department and located on premises occupied by the Department. The plaintiff alleged the defective chair created an unreasonable risk of injury, that the Department or the Sheriff knew or should have known that the chan* could expose the user to injury, and that the Department was negligent in failing to maintain the chair. The insurer later moved for summary judgment asserting there was no coverage for the alleged accident under its Police Professional Liability Policy. The trial court found ambiguity in the provisions of the policy and denied summary judgment as to coverage under the policy. The court of appeal affirmed in an unpublished decision. Doucet v. Darwin Select Ins. Co., 16-131 (La. App. 3 Cir. 10/5/16), 2016 WL 5815260. After reviewing the matter de novo, we find the lower courts committed legal error in interpreting the insurance policy to find ambiguity as to general liability coverage and thus reverse those rulings.
The Police Professional Liability Policy in this case obligated the Insurer to pay on behalf of the Insured “Loss which the Insured is legally obligated to pay as a result of a Claim...for a Law Enforcement Wrongful Act....” A Law Enforcement Wrongful Act is defined in the policy as “an actual or alleged act, error or omission, neglect or breach of duty by an Insured: (1) which arises out of and is committed during the course and scope of Law Enforcement Activities, or (2) which arises out of the ownership, maintenance and use of Premises by the Insured for the purpose of conducting Law Enforcement Activities; and which results in Personal Injury, Bodily Injury or Property Damage.” Law Enforcement Activities is defined in the policy as “law enforcement-related duties conducted by any Insured for or on behalf of the Named Insured....” The plaintiff rests his claim |son the “neglect or breach of duty by an Insured” arising out of Law Enforcement Activity or the use of Premises by the Insured for such Activity.
However, the alleged accident did not arise out of the use of a scheduled Premise as identified in the policy itself. The language therein is clear that Premises is defined as “the location in ITEM 1. of the Declarations,” “any jail, holding cell or lock-up facility, owned or leased by, and operated by, the Named Insured at the location designated in ITEM 1. of the Declarations,” and “any other location specifically scheduled in an Endorsement to this Policy.” ITEM 1. on the Declarations page provides the address of 200 Court Street, Suite 100, Ville Platte, Louisiana. Endorsement PGU 1043 to the policy lists 415 West Cotton, Ville Platte, Louisiana, as additional covered Premises. The facts are not in dispute that the subject accident, which occurred at an automobile repair shop located at 412 South Soileau Street, Ville Platte, Louisiana, did not occur at either of the scheduled locations identified in the policy.
Additionally, the policy specifically excluded “Personal Injury or Bodily Injury to an employee of the Insured arising out of and in the course and scope of employment by the Insured.... ” Personal Injury and Bodily Injury were elsewhere restricted to injuries “alleged against an Insured by an entity or person who is not an Insured.... ” The plaintiff admitted in his petition that he was employed as a deputy sheriff, was an employee of the Sheriffs Department, and was injured while in the course and scope of his employment at the Sheriffs Department automobile repair shop. Applying the ordinary and prevailing meaning of employee, *797 we find the plaintiff was clearly an employee of the Sheriff’s Department and thus an Insured under the policy. Therefore, the plaintiffs claims are not covered by the policy’s definition of Bodily Injury and the specific | .provision excluding coverage for Bodily Injury. The lower courts erred in finding ambiguity in these provisions.
In sum, the subject policy did not provide coverage for injuries sustained by an Insured or an employee of the Named Insured while in the course and scope of his employment, nor did it provide coverage for injuries that did not arise out of Law Enforcement Activities or out of the use of Premises listed on the Declarations page or in any endorsement of the policy. Therefore, under the clear and unambiguous language of the policy, the injuries sustained by the plaintiff in the course and scope of his employment at a location not listed in the policy would not be covered by the policy. The rulings of the lower courts denying Allied World’s motion for summary judgment on coverage are reversed. The case is remanded for further proceedings consistent with these views.
REVERSED AND REMANDED
JOHNSON, C.J., would deny the writ.