NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-243

ADVANCED RADIOGRAPHICS, INC.

VERSUS

COLONY INSURANCE COMPANY, ET AL.

**********

SUPERVISORY WRIT APPLICATION FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2015-1205
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

WRIT DENIED.

**Judy Y. Barrasso**
**Kristin L. Beckman**
**Susan M. Rogge**
**Barrasso, Usdin, Kupperman, Freeman & Sarver, L.L.C.**
**909 Poydras Street, Suite 2400**
**New Orleans, LA 70112**
**(504) 589-9700**
**COUNSEL FOR DEFENDANT/APPLICANT:**
    **Colony Insurance Company**

**Robin A. Sylvester**
**Sylvester Law Firm**
**1019 Coolidge Blvd.**
**Lafayette, LA 70503-2435**
**(337) 513-0504**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Advanced Radiographics, Inc.**

**SAUNDERS, Judge.**

This matter arises out of several policies of insurance issued to Advanced Radiographics, Inc. (ARI) by Colony through its broker and agent, Brown & Brown of Baton Rouge, LLC (Brown). ARI is a medical records storage company with a corporate office located at 856-B Ridge Road, Duson, Louisiana, and eight warehouse locations. On November 24, 2014, the warehouse located at 862 Ridge Road (the Ridge Road Warehouse) was damaged when a vehicle crashed into it and caused a large fire.

ARI sought to recover damages under policy number MP4114640-0 (the Policy) issued by Colony. The Policy provides commercial general liability (CGL) coverage and commercial property coverage. Colony denied coverage and alleged that although the CGL coverage extended to nine properties (including the Ridge Road Warehouse), the commercial property coverage extended only to the corporate office.

ARI filed suit against Colony, Brown, and Kellie Stein (an insurance agent employed by Brown). On July 25, 2016, Brown and Stein were dismissed from the suit after their exception of no cause of action was granted by the trial court. That judgment was signed on August 10, 2016, and ARI appealed. That appeal is presently pending before this court in docket number 17-144.[1] Whether there is any litigation involving the driver of the vehicle is not known at this time.

Colony initially filed its motion for summary judgment on December 10, 2015. Attached to the motion was the affidavit of Nicola Sold (Sold), the senior property claims adjuster for Colony. Attached to her affidavit were the following: (1) Policy Number MP4114640-0 and its declaration page; (2) email

_____

[1] ARI was initially ordered to file their brief by March 2, 2017; however, no brief was filed. This court issued a thirty-day order on April 11, 2017. On May 11, 2017, ARI filed a brief. As noted hereafter, ARI has not filed an opposition to this writ application.

correspondence between Stein and Buns & Wilcox, an insurance broker, regarding the issuance of the Policy; and (3) two letters to ARI's counsel (dated November 24, 2014, and December 19, 2014) from Sold advising of the lack of coverage. The motion came for hearing on February 22, 2016, and was denied by minute entry dated February 25, 2016.

Additional discovery was conducted, and Colony obtained evidence that it believed "eliminated any possible fact issue." This evidence consisted of a sworn affidavit from Stein "that the commercial property coverage ARI requested and purchased, throughout the history of the Policy renewals from 2010 to 2014, extended to only one location − ARI's Corporate Office a[t] 856-B Ridge Road, and did *not* include the Warehouse at issue located at 862 Ridge Road." Stein further testified that ARI never requested that Brown procure property insurance coverage for any of its warehouses. Colony asserts that Stein's affidavit testimony constitutes an admission by ARI since she was ARI's agent.

Based on Stein's testimony, Colony filed a "Renewed Motion for Summary Judgment" on December 2, 2016. Attached to the motion were the following: (1) the same affidavit of Sold and its exhibits that were attached to the original motion; (2) the affidavit of Stein, including: (a) the accord commercial insurance application signed by Jeanne Wells (Wells) on behalf of ARI in May 2010; (b) the accord commercial insurance application signed by Wells on behalf of ARI in May 2011; (c) the accord commercial insurance application signed by Wells on behalf of ARI in May 2012; (d) the accord commercial insurance application signed by Wells on behalf of ARI in May 2013; (e) the accord commercial insurance application signed by Wells on behalf of ARI in May 2014; (f) Scottsdale Insurance Company (Scottsdale) policy number CPS1826961 issued to Faith in Him Properties, LLC, the owner of the warehouse at 714 Eraste Landry Road,

2

Lafayette, Louisiana, which was leased by ARI; and (g) email correspondence between Stein and Stephanie Jabaley (Jabaley), an associate underwriter for Burns-Wilcox, regarding the renewal of ARI's insurance coverages; (3) insurance proposal from Brown to ARI dated April 15, 2008; (4) email correspondence between Aracely Rodriguez Favre, Brown's client service executive, and Darlene Jeansonne; and (5) insurance proposal from Brown to ARI dated May 9, 2014.

ARI opposed the motion on the grounds that ARI's "extra-contractual" documents were not admissible to explain the terms of the contract and were irrelevant to the interpretation of the Colony policy at issue. In support of the opposition, ARI attached the following documents: (a) affidavit of Wells, including: (1) the CGL and commercial property declaration pages; (2) the endorsement to the Policy listing all nine storage locations; (3) the insurance binder dated May 22, 2014, noting roughly the same premium for the CGL insurance as for the commercial property insurance; (4) letter from Stein to Wells dated February 21, 2013, stating that there was business income coverage with a limit of $150,000 in the current policy and asking if the amount should be increased; and (b) a second affidavit from Wells, including (using ARI's lettering): (u) a copy of the May 21, 2014 application for insurance coverage signed by Wells; (v) the insurance binder dated May 22, 2014, that purportedly reflects Wells' request for all nine buildings to have the same coverage; (w) policy endorsement IL 23 0 2285; (x) common declarations page; (y) CGL coverage part declarations; and (z) commercial property part declarations.

The motion came for hearing on February 6, 2017, and it was denied by minute entry dated February 9, 2017. The minute entry was signed by Judge Rubin, and it is stamped with a notice of judgment indicating that the judgment was mailed on February 13, 2017. On February 22, 2017, Colony timely filed its

3

notice of intent to apply for supervisory writs. The trial court set a return date of March 15, 2017, and this writ application was timely filed on March 9, 2015. To date, no opposition has been filed.

No trial date has been set, and there are no pending hearings, exceptions, or other motions.

## SUPERVISORY RELIEF

> Since the denial of a motion for summary judgment is an interlocutory ruling from which no appeal may be taken, the only practical remedy available to avoid a possibly useless trial on the merits is to request that the appellate court exercise its supervisory jurisdiction to review the propriety of this ruling. . . . "Appellate courts generally will not exercise such jurisdiction unless an error in the trial court's ruling will cause the petitioner irreparable injury or an ordinary appeal does not afford an adequate remedy."

*Breaux v. Cozy Cottages, LLC*, 14-486, p. 4 (La.App. 3 Cir. 11/12/14), 151 So.3d 183, 187 (citations omitted) (*quoting Borrel's, Inc. v. City of Marksville*, 05-48, p. 1 (La.App. 3 Cir. 6/1/05), 904 So.2d 938, 939).

## ON THE MERITS

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). "On appeal, the reviewing court considers a trial court's grant or denial of a motion for summary judgment under the same criteria that governed the trial court's consideration of the motion and pursuant to the *de novo* standard of review." *Baldwin v. CleanBlast, LLC*, 04-1026, pp. 4-5 (La.App. 3 Cir. 2/4/15), 158 So.3d 270, 273, *writ denied*, 15-461 (La. 5/15/15), 170 So.3d 163.

"Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the Policy, when applied to the undisputed material facts shown by the evidence supporting

4

the motion, under which coverage could be afforded." *Reynolds v. Select Properties, Ltd.*, 93-1480 (La.4/11/94), 634 So.2d 1180. "An insurance contract is to be construed as a whole and each provision in the contract must be interpreted in light of the other provisions. One provision of the contract should not be construed separately at the expense of disregarding other provisions." *Sims v. Mulhearn Funeral Home, Inc.*, 07-54, p. 8 (La. 5/22/07), 956 So.2d 583, 589.

In denying Colony's original motion for summary judgment, the trial court stated:

> The Court finds that the record, especially the attached Declarations pages, and correspondences (i.e., email and letters) among the parties as to coverage and the type of coverage, including the location(s) of coverage, does present factual questions regarding policy coverage prior to, and at the time of[,] the damage claimed.

In denying Colony's renewed motion for summary judgment, the trial court stated: "The Court again[] finds that the evidence shows that there are genuine issues of material fact[] and hence denies Colony's Renewed Motion for Summary Judgment."

Colony asserts two assignments of error: (1) the trial court refused to enforce the Policy as written; and (2) the trial court did not identify the issues of fact on which it based the denial of the motion for summary judgment.

The argument for Colony's first assignment of error can be summed up as follows: The Policy provides designated premises coverage, and the policy only lists the corporate office at 856 B Ridge Road as "described premises." The declarations page of the Policy's commercial property coverage clearly only lists 356 B Ridge Road under "description of premises." Furthermore, Stein, who was assigned ARI's account by Brown, testified in her affidavit that the application submitted by ARI in May of 2014, listed nine buildings in the CGL section but only the corporate office in the property insurance section. The warehouse at issue

5

was listed as location 9. In the email thread between Stein and Jabaley (who was employed by Burns-Wilcox and provided other insurance coverage to ARI), Jabaley notes that Colony "won't write property for warehouses," and Stein responds that most of the locations of ARI "don't have property coverage."

ARI argues that Policy Endorsement IL 12 01 1185 states that it is a change to the policy in that "THE LOCATION OF ALL PREMISES YOU OWN, RENT OR OCCUPY SHALL READ AS FOLLOWS:" and lists all nine locations. The endorsement also states that the "coverage parts affected" include both CGL and commercial property insurance. The endorsement is effective May 22, 2014, and references policy number MP4114640.

ARI asserts that "the most reasonable interpretation of the policy is that all nine (9) of ARI's locations have both Commercial General Liability Coverage and Commercial Property Insurance coverage." According to ARI, "should the Court find that the provisions regarding coverage are ambiguous because of Colony's failure to identify the covered locations on each of its three declarations pages, then Colony's motion for summary judgment should be denied." ARI also cites *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-911, (La. 1/14/94), 630 So.2d 759, for the proposition that ambiguous contractual provision must be construed against the drafter.

Colony relies on the recent Louisiana Supreme Court case of *Doucet v. Darwin Select Ins. Co.*, 16-1989 (La. 2/3/17), 210 So.3d 794. In that case, the Louisiana Supreme Court reversed the lower courts and granted summary judgment in favor of the defendant insurer who declined coverage for a deputy sheriff's injuries in the course and scope of his employment. The deputy was injured while supervising inmates in the Sheriff's Department's automobile repair shop. The insurance company asserted that the automobile repair shop was not

6

included in the "scheduled premises" identified in the policy at issue. The court stated:

> The language therein is clear that Premises is defined as "the location in ITEM 1. Of the Declarations," "any jail, holding cell or lock-up facility, owned or leased by, and operated by, the Named Insured at the location designated in ITEM 1. of the Declarations," and "any other location specifically scheduled in an Endorsement to this Policy." ITEM 1. on the Declarations page provides the address of 200 Court Street, Suite 100, Ville Platte, Louisiana. Endorsement PGU 1043 to the policy lists 415 West Cotton, Ville Platte, Louisiana, as additional covered Premises. The facts are not in dispute that the subject accident, which occurred at an automobile repair shop located at 412 South Soileau Street, Ville Platte, Louisiana, did not occur at either of the scheduled locations identified in the policy.

*Doucet*, 210 So.3d at 796.

In *Doucet*, 210 So.3d 794, according to our supreme court, it was clear that the location of the accident at issue was not listed anywhere in the policy. Such is not the case here. We find that the endorsement does create a genuine issue of material fact regarding whether the Policy coverage extended to the warehouse location. As such, we deny this writ application.

**WRIT DENIED.** We find no error in the trial court's ruling.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.

7